978 F.2d 1257
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Daniel POSTON, Jr., Defendant-Appellant.
 No. 92-6104.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 13, 1992
Decided: October 26, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Jeffrey L. Starkweather, for Appellant.
 Margaret Person Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John Poston Jr. appeals from a district court order remanding him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(f) (1988) for psychological care and treatment. Poston was admitted to the mental health unit at the Federal Correctional Institution at Butner, North Carolina, for evaluation of his competency to stand trial on criminal charges and his sanity at the time of the offense. Mental health officials determined that Poston was insane at the time of offense and, following a hearing, the district court ordered that Poston be committed to the custody of the Attorney General for care and treatment pursuant to 18 U.S.C. § 4246(d) (1988).
 
 
 2
 Poston responded well to treatment and was granted a conditional release on November 27, 1990. Poston, however, violated the terms of his release and the government unsuccessfully sought to terminate his release in July 1991. In December 1991, Poston's probation officer and therapist informed the district court that Poston was continuing to violate the conditions of his release, and the government again sought revocation of Poston's release in January 1992. Following a hearing, the district court granted the government's motion, finding that Poston failed to comply with the conditions of his release and that, in light of his failure to comply, his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. See 18 U.S.C. § 4246(f).
 
 
 3
 We review this factual determination of the district court under the clearly erroneous standard. See United States v. Cox, 964 F.2d 1431 (4th Cir. 1992). After reviewing the record, we conclude that the district court's decision was not clearly erroneous. There was no dispute that Poston violated the conditions of his release. Although Poston regularly took his prescribed medication, the evidence was uncontroverted that he missed mental health appointments, drank alcohol regularly, and left the state, all in violation of the regimen imposed by the terms of his release.
 
 
 4
 Moreover, the record amply supported the district court's conclusion that Poston posed a risk to others and or to the property of others. Poston had a prior record of assault with a deadly weapon and a long history of violent encounters with his live-in girlfriend. His most recent assault upon his girlfriend was an important factor leading to the government's second motion for revocation. After visiting Poston at his residence two days after the assault, Poston's probation officer counseled that further visits to Poston's residence could be dangerous to the visitor. Poston also exhibited somewhat violent behavior when he left the state and went to Georgia and Alabama. While in Alabama, he was arrested for disorderly conduct when he entered a law enforcement building and began throwing objects to the floor.
 
 
 5
 Most importantly perhaps, Poston continued to drink alcohol during the entire fourteen-month period of his release, in violation of the terms of his release. Expert medical testimony established that alcohol consumption retarded the beneficial effects of the anti-psychotic medication Poston was taking, and increased the risk that further behavioral problems would occur. A psychiatrist from Butner opined that due to the combination of Poston's mental illness and continued alcohol abuse, she did not think he was capable of abiding by the conditions that were established for him, and further opined that if released under the same conditions again he would pose a risk of harm to others.
 
 
 6
 Poston contends that his failure to comply with his prescribed regimen of treatment and any resulting dangerousness is attributable, not to his willful failure to comply, but to the erroneous decision of mental health officials to reduce the level of his medication in September 1991. We find, however, that the district court correctly found the level of Poston's medication to be purely a medical matter which was not for the court to decide. Moreover, while Poston points out that the assault on his girlfriend and his departure from the state occurred after the reduction, we note that his alcohol abuse occurred both before and after the reduction. There was no dispute that such consumption violated the terms of his release, and greatly increased the chances of behavioral problems, regardless of the level of Poston's medication.
 
 
 7
 Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED